M45QskoP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

       v.                         19 CR 730 (CM)
                               Plea

JONATHAN SKOLNICK

              Defendant
------------------------------x

                         New York, N.Y.
                         April 5, 2022
                         12:00 p.m.

Before:

                HON. COLLEEN McMAHON,
                         District Judge

                   APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
ELIZABETH ESPINOSA
    Assistant United States Attorney

MOSKOWITZ & BOOK LLP
    Attorney for Defendant
AVRAHAM C. MOSKOWITZ

ALSO PRESENT:S.A. AARON SPEVACK, FBI

1          (In open court; case called)

2          DEPUTY CLERK:  Your appearances.

3          MS. ESPINOSA:  Good afternoon, your Honor.  Elizabeth

4     Espinosa for the government.

5          I'm joined at counsel table by Special Agent Aaron

6     Spevack of the FBI.

7          THE COURT:  Good afternoon.

8          MR. MOSKOWITZ:  Good afternoon, your Honor.  Avraham

9     Moskowitz on behalf of Mr. Skolnick, who is standing to my

10    left.

11         THE COURT:  Thank you.  Have a seat, especially if

12    you're going to speak with a mask on.  You are free to speak

13    without a mask on, but if you are going to speak with a mask

14    on, stay seated, okay?

15         MR. MOSKOWITZ:  Very well, your Honor.

16         THE COURT:  Okay.

17         And why are we here today?

18         MS. ESPINOSA:  Your Honor, it's my understanding that

19    the defendant intends to enter a plea of guilty pursuant to a

20    plea agreement which we have passed up to the Court.

21         THE COURT:  Mr. Moskowitz?

22         MR. MOSKOWITZ:  That's correct, your Honor.

23         THE COURT:  Mr. Moskowitz, I have a letter from

24    Ms. Espinosa's office dated December 21, 2021.  It is signed by

25    Ms. Espinosa.  It is eight pages long, and it appears to be

1    countersigned by you and your client.  I'll speak to your

2    client momentarily.  Is that your signature dated April 5,

3    2022.

4            MR. MOSKOWITZ:  Yes, it is, your Honor.

5            THE COURT:  Thanks, Mr. Moskowitz.

6            Mr. Skolnick, good afternoon, sir.

7            THE DEFENDANT:  Good afternoon.

8            THE COURT:  Mr. Skolnick, we are going to have a

9    proceeding here at which I'm going to ask you a number of

10   questions because if you are going to plead guilty pursuant to

11   this letter that I have been given a copy of, I need to be sure

12   that you are aware of all of your advice of rights, and that

13   you are giving up those rights knowingly and of your own free

14   will.  As a result, I'm going to ask you a lot of questions,

15   okay?

16           You have a right to be represented by counsel at this

17   and every stage of the proceedings against you, and you have

18   the right to consult with your lawyer at any time during this

19   proceeding.  You can just ask me to stop and you can talk to

20   your attorney.  Do you understand that?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Mr. Moskowitz, are you retained or

23   appointed?

24           MR. MOSKOWITZ:  I'm retained, your Honor.

25           THE COURT:  Okay.  Do you understand, Mr. Skolnick,

1    that if you were to become dissatisfied with Mr. Moskowitz's

2    services and you were unable to retain new counsel, that the

3    Court would appoint counsel to represent you without cost?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  And have you been satisfied with

6    Mr. Moskowitz's representation of you to date?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  We are going to ask you to swear or

9    affirm.  Which do you prefer?

10              THE DEFENDANT:  I prefer to affirm, please.

11              THE COURT:  Thank you, Mr. O'Neil, would you please

12    administer the statement of affirmation to Mr. Skolnick.

13              (Defendant affirmed)

14              THE COURT:  Mr. Skolnick, please understand that

15    anything you say to me during this proceeding has to be the

16    truth, and that if you utter an untruth during this proceeding,

17    you could be prosecuted for the crime of perjury or lying to

18    the Court while under affirmation.  And if you were prosecuted

19    for that crime, you could be put in jail for as long as five

20    years or made to pay -- and I should say made to pay a fine of

21    as much as $250,000; and that your prosecution and punishment

22    for the crime of perjury would be entirely separate and apart

23    from anything that is going on here today.  Do you understand

24    that?

25              THE DEFENDANT:  Yes, I do.

1          THE COURT:  Okay.  So, you need to tell the truth.

2          What is your full name, sir?

3          THE DEFENDANT:  Jonathan Mark Skolnick Nick.

4          THE COURT:  And Mr. Skolnick, how old are you?

5          THE DEFENDANT:  39.

6          THE COURT:  I'm sorry?

7          THE DEFENDANT:  39 years old.

8          THE COURT:  I didn't hear, 39 or 49?

9          THE DEFENDANT:  I'm 39 years old.

10          THE COURT:  39 years old.  I'm sorry.  As I get older,

11   Mr. Skolnick, I get increasingly hard of hearing.

12          Sir, what's your highest level of education that

13   you've completed?

14          THE DEFENDANT:  Master's degree.

15          THE COURT:  Have you ever been hospitalized for drug

16   or alcohol addiction?

17          THE DEFENDANT:  No.

18          THE COURT:  Have you taken any kind of drugs or

19   medication in the last 24 hours?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  What have you taken?

22          THE DEFENDANT:  I take levothyroxine for underactive

23   thyroid and Buspar and Zoloft.

24          THE COURT:  I got the underactive thyroid medical.  I

25   got the Zoloft.

1          THE DEFENDANT:  Buspar, B-U-S-P-A-R.

2          THE COURT:  Buspar, okay.  Those are for?

3          THE DEFENDANT:  For depression and OCD.

4          THE COURT:  Correct.  And do they have an effect on

5     your ability to understand the proceedings that we're

6     conducting today?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Mr. Skolnick does present as fully

9     oriented as to time and place and everything that's going on

10    here.  He is quite alert, and I can see no reason why we should

11    not proceed.

12         Mr. Moskowitz, do you know of any reason why your

13    client would be medically unable to proceed?

14         MR. MOSKOWITZ:  No, your Honor.

15         THE COURT:  Thank you.  All right.  So let me turn to

16    this December 21, 2021 letter.  It's eight pages long,

17    Mr. Skolnick, and on the last page, it's signed by the United

18    States Attorney, and then it says:  Agreed and consented to,

19    and there's a line that says Jonathan Skolnick, and above that

20    line is your signature.  Is that your signature, sir?

21         THE DEFENDANT:  Yes.

22         THE COURT:  And did you place your signature on this

23    document today, April 5, 2022?

24         THE DEFENDANT:  Yes, I did.

25         THE COURT:  Mr. Moskowitz has already advised that he

1   too has countersigned this document.

2           So let's go through this document.

3           It says that the office of the United States Attorney

4   will accept a guilty plea from you to two of the counts in the

5   indictment that has been handed up by a grand jury against you,

6   specifically to Counts Three and Four.

7           Count Three charges you with possession of child

8   pornography in violation of Title 18 United States Code,

9   Sections 2252A(a)(5)(B), (b)(ii), and 2.

10          This crime carries a maximum term of imprisonment of

11  ten years, a maximum term of supervised release of three years.

12  Supervised release being supervised by the probation department

13  after you are released from any term of imprisonment that is

14  imposed upon you.  A maximum fine of the greater of $250,000 or

15  twice the gross pecuniary gain that you derived from the

16  offense or twice the gross pecuniary loss to persons other than

17  you resulting from the offense, a $100 mandatory special

18  assessment, and an additional assessment of $5,000, plus

19  restitution, which we'll discuss in a moment.

20          The second count to which it is proposed you will

21  plead guilty is Count Four, charging you with coercion and

22  enticement of minors to engage in illegal sexual activity in

23  violation of Title 18 United States Code, Sections 2422(b)

24  and 2.

25          This crime carries a statutory maximum term of life

imprisonment, a mandatory minimum term of imprisonment of ten

years, meaning that you cannot be sentenced to less than ten

years in prison, a maximum term of supervised release of five

years, a maximum fine pursuant to Title 18, Section 3571 of the

greater of $250,000 or twice the gross gain or loss to you or

someone else, and a $100 mandatory assessment, which would

bring the mandatory special assessments to $200, plus $5,000 or

$5,200.  In addition, restitution is also applicable to this

crime.  Okay?

So, the total maximum term of imprisonment that can be

imposed upon you if you plead guilty to these two counts is

life in prison.  The absolute minimum, the least that can be

imposed upon you, is ten years, 120 months.  Do you understand

all of that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Okay.  Do you understand that in addition

to the punishments that I have so far elaborated on, you are,

by signing this letter, consenting to the entry of a

preliminary order of forfeiture of specific property, and that

you are forfeiting to the United States all your rights, title

and interest in a black Dell laptop that was seized from your

apartment at 3526 Oxford Avenue in the Bronx on September 14,

2019, and you are agreeing that you will not file a claim or

petition for remission or mitigation in any forfeiture

proceeding involving that property, and that you will not cause

M45QskoP

1     or assist anyone else to do so.

2             Do you understand what you are giving up by way of

3     forfeiture if you plead guilty to these two counts?

4             THE DEFENDANT:  Yes, I understand.

5             THE COURT:  The restitutionary obligation is one that

6     I will impose at sentence, and you are agreeing by signing this

7     letter that the payment of restitution may be made, and, I

8     assure you, will be made as a condition of any probation which

9     you're not eligible for, because there's a ten-year mandatory

10    minimum, or of your supervised release once you are released

11    from prison.  Do you understand?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Okay.  Now, I've just told you what the

14    worst that can happen to you is:  A mandatory minimum of ten

15    years up to a statutory maximum of life, up to $500,000 in

16    fines or the greater of the gross gain to you or loss to

17    others, restitution to your victims, the forfeiture of your

18    laptop, and $5,200 in court costs.  Okay?  That's the worst.

19            Now, have you talked to Mr. Moskowitz about the United

20    States Sentencing Guidelines?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  Okay.  So I assume, because I've dealt for

23    many years with Mr. Moskowitz and know him to be an outstanding

24    lawyer, that he has explained to you how the guidelines work?

25            THE DEFENDANT:  Yes, your Honor.

1      THE COURT:  The guidelines are a suggestion to the

2   Court about what sentence ought to be imposed upon you.  It's a

3   suggestion that's devised by a commission with a staff of

4   experts who study crimes and sentencing procedures of all

5   sorts, and they compile their information into this big thick

6   book called the Guidelines Manual, and it's to help a judge

7   reach a decision on sentencing.  Do you understand that?

8      THE DEFENDANT:  Yes.

9      THE COURT:  Do you understand what the guidelines

10  calculation -- let me take that back.  Strike that.

11      The guidelines get calculated at the time of

12  sentencing, and they get calculated by me, the Judge, with the

13  assistance of the probation office.  They have a whole group of

14  probation officers who are experts at calculating guidelines.

15  That's what they do for a living.  And to prepare me for the

16  sentencing, they will go through a guidelines calculation, and

17  they will go through it with and for me, and I will check it

18  and make sure it's correct, and I will make any changes I think

19  are necessary.  Ultimately, I calculate the guidelines.  Do you

20  understand that?

21      THE DEFENDANT:  Yes.

22      THE COURT:  By the way, did you see my name or

23  signature on this letter?

24      THE DEFENDANT:  I believe I saw your name but not your

25  signature.

1       THE COURT:  You may be right about that.  My signature

2  certainly does not appear here.  Do you know why my signature

3  does not appear here?

4       THE DEFENDANT:  No, your Honor.

5       THE COURT:  Because I am not a party to this

6  agreement, okay?  I get to make my own decisions, and, in

7  particular, my own decision about how to sentence you.  Nobody

8  is making you any promise in this agreement about what sentence

9  you're going to get.  Do you understand that?

10       THE DEFENDANT:  Yes, your Honor.

11       THE COURT:  Now, to help you make a decision, to give

12  you full information so you could decide whether or not to take

13  a plea, I understand that the government and Mr. Moskowitz, who

14  are also very experienced at doing this, have tried to figure

15  out what the guidelines are likely to be.  Are you aware of

16  that?

17       THE DEFENDANT:  Yes, your Honor.

18       THE COURT:  And they have calculated, their best

19  guess, is that the total offense level for the Sentencing

20  Guidelines purposes is 43, which, by the way, is the highest

21  level in the guidelines, just so you know.  And your Criminal

22  History Category is I because no one is aware of any previous

23  convictions that you have.  And that means that the

24  stipulated – agreed by the lawyers – guideline range their best

25  estimate is a lifetime imprisonment with a mandatory minimum

1  term of 120 months' imprisonment.  In other words, what I told

2  you was the worst, that's also the guideline.  Do you

3  understand that?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Okay.  At guideline level 43, the

6  applicable fine range is something between $50,000 and

7  $500,000, depending on your ability to pay, and always subject

8  to the restitutionary obligation.  Do you understand that?

9           THE DEFENDANT:  Yes, I do.

10          THE COURT:  And do you understand that in certain

11 circumstances, a Court is permitted to -- in all circumstances

12 the Court is permitted not to sentence in accordance with the

13 guidelines but to depart upwardly or downwardly.  In this

14 letter you are agreeing that you won't ask for any such

15 departure.  Do you understand that?

16          (Counsel and defendant consult)

17          THE COURT:  I think the problem, Mr. Moskowitz, is we

18 have, to a lay person, two seemingly contradictory paragraphs,

19 one right after the other.

20          MR. MOSKOWITZ:  Which is what I was just reminding him

21 of.

22          THE COURT:  Correct.  You are allowed to ask for a

23 sentence outside of the stipulated guideline range.  Not below

24 120 months, you can't ask for that.  That's a mandatory

25 minimum, but you can ask for less than a life sentence, which

M45QskoP

1  is the guideline sentence.  That you're allowed to do, but

2  you're not allowed to ask for an upward or downward departure

3  in the guideline calculation.  Do you understand that?

4  THE DEFENDANT:  Yes, your Honor.

5  THE COURT:  That is a very subtle difference, I

6  appreciate that, but I'm glad I had the opportunity to clarify

7  it.

8  In this letter, it says that you will not file a

9  direct appeal or bring any collateral proceeding attacking your

10  sentence as long as it's within or below the stipulated

11  guideline range, which, in effect, means you're giving up your

12  right to appeal altogether because the stipulated guideline

13  sentence is life, with a mandatory minimum of 120 months.  So

14  anything less than life is less than the stipulated guideline

15  sentence.  So, if I sentence you to life or less, you're giving

16  up your right to take an appeal or to bring a proceeding

17  challenging your sentence as illegal.  Do you understand that?

18  THE DEFENDANT:  Yes, I do.

19  THE COURT:  Can either the government or Mr. Moskowitz

20  remind me of any aspect of the potential punishment for

21  pleading guilty to these crimes that I may have overlooked in

22  my recitation?

23  MS. ESPINOSA:  Your Honor, if you could also please

24  allocute the defendant on the potential immigration

25  consequences of his guilty plea, as well as the sex offender

1    registration requirements, which I believe are page 6 into page

2    7 of the agreement.

3              THE COURT:  Anything else, Mr. Moskowitz?

4              MR. MOSKOWITZ:  No, your Honor.

5              THE COURT:  Mr. Skolnick, do you understand that if

6    you are not a citizen of the United States pleading guilty to

7    these crimes, makes it very likely that you will mandatorily be

8    removed from the United States when you are done with your term

9    of imprisonment, and that you are at a very high risk, at the

10   very least, of being removed or suffering other adverse

11   immigration consequences?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  If you are a naturalized citizen, do you

14   recognize that pleading guilty may have consequences with

15   respect to your immigration status?

16             THE DEFENDANT:  I understand, your Honor.

17             THE COURT:  Have you discussed those possible

18   consequences with Mr. Moskowitz?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  And are you satisfied that you understand

21   what you are facing in terms of immigration consequences?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you know what a sex offender registry

24   is?

25             THE DEFENDANT:  I believe so, your Honor.

M45QskoP

1    THE COURT:  Do you understand that if you plead guilty

2    to these crimes, you will be required to register and to keep

3    your registration current in each jurisdiction where you

4    reside, where you are employed or where you are a student; that

5    requirements for registration include providing your true name,

6    your residence address, and the names and addresses of any

7    places where you are or will be an employee or student?

8    THE DEFENDANT:  Yes, your Honor.

9    THE COURT:  Have you talked about the sex offender

10   registry consequences of pleading guilty with Mr. Moskowitz?

11   THE DEFENDANT:  I believe so, your Honor.

12   THE COURT:  And are you satisfied that you understand

13   what will be entailed, and that there is no waiving that

14   requirement for any reason whatsoever?

15   THE DEFENDANT:  Yes.

16   THE COURT:  Mr. Skolnick, do you understand that you

17   do not have to plead guilty; that you can continue in your plea

18   of not guilty, and you can go to trial on the charges that have

19   been proffered against you in indictment 19 CR 730?

20   THE DEFENDANT:  Yes, your Honor.

21   THE COURT:  Do you understand that at that trial you

22   would have the right to be represented by counsel, and to have

23   counsel appointed for you at no cost if you could not afford to

24   retain a lawyer?

25   THE DEFENDANT:  Yes, your Honor.

M45QskoP

1            THE COURT:  Do you understand that at that trial, you

2      would be entitled to the presumption that you were innocent of

3      the charged crimes; and that the presumption would cloak you

4      until the moment came, if it ever came, that a jury of 12

5      concluded that you were guilty of the crimes charged?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Do you understand that at that trial, you

8      would have the right to confront and cross-examine any

9      witnesses who were called to testify against you?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Do you understand that you would have the

12      right to petition the Court not to admit evidence proffered by

13      the government?

14            THE DEFENDANT:  Yes, I do.

15            THE COURT:  Do you understand that you would have the

16      right to call witnesses to testify on your behalf and to have

17      the Court subpoena those witnesses if they were within the

18      subpoena power of the Court and unwilling to come of their own

19      free will?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Do you understand that you have the right

22      to introduce on papers things into evidence subject to

23      objection by the government?

24            THE DEFENDANT:  Yes, I understand.

25            THE COURT:  And do you understand, sir, that you would

1  have the right to testify at any such trial, but that no one

2  could compel you to testify, and that if you elected not to

3  testify, I would instruct the trier of fact in the strongest

4  terms that that was not to be held against you in any way?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Sir, do you understand that if you plead

7  guilty to Count Three and Count Four of this indictment, you

8  will be giving up all of those rights except for your right to

9  be represented by counsel?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Has anyone threatened you or coerced you

12 or exerted any kind of improper pressure on you in order to get

13 you to plead guilty to these crimes?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Has anyone made any promises to you in

16 order to get you to plead guilty to these crimes?

17          THE DEFENDANT:  No, your Honor.

18          THE COURT:  Has anyone promised you what sentence I am

19 going to give you if you plead guilty to these crimes?

20          THE DEFENDANT:  No.

21          THE COURT:  The Court states that there were no such

22 promises.

23          What is the government prepared to prove?

24          MS. ESPINOSA:  Your Honor, at trial, the government

25 would prove beyond a reasonable doubt the following elements as

1   to possession of child pornography:

2          First, that the defendant knowingly possessed any item

3   or items containing child pornography;

4          Second, that such child pornography had been

5   transported in interstate or foreign commerce by any means,

6   including by computer;

7          And, third, that the defendant knew that the item or

8   items constituted child pornography.

9          As to Count Four, enticement, the government would

10  prove beyond a reasonable doubt:

11         First, that the defendant knowingly used a facility or

12  means of interstate commerce to attempt to persuade, induce,

13  entice, or coerce an individual under the age of 18 to engage

14  in prostitution or sexual activity;

15         Second, that Skolnick believed that such individual

16  was less than 18 years of age;

17         And, third, that the defendant could have been charged

18  with a criminal offense for engaging in that specified sexual

19  activity, which here is the production of child pornography.

20         It can also provide the elements to the production of

21  child pornography if that would be helpful.

22         THE COURT:  No, it's fine.

23         MS. ESPINOSA:  And the government would also need to

24  prove by a preponderance of the evidence that venue is

25  appropriate here in the Southern District of New York.

1    THE COURT:  Correct.  And venue is appropriate

2  because?

3    MS. ESPINOSA:  Your Honor, the defendant possessed the

4  child pornography in the Bronx and a portion of the enticement

5  activity also took place while he was in the Bronx.

6    THE DEFENDANT:  All right.  And the Bronx is, of

7  course, in the Southern District of New York.

8    Mr. Skolnick, did you hear what Ms. Espinosa said she

9  was prepared to prove if this case were to go to trial?

10    THE DEFENDANT:  Yes, your Honor.

11    THE COURT:  Mr. Skolnick, is it in fact your intention

12  to plead guilty to Counts Three and Four of indictment

13  19 CR 730?

14    THE DEFENDANT:  I'm sorry, could you repeat the

15  question?

16    THE COURT:  Is it your intention to plead guilty to

17  Counts Three and Four of indictment 19 CR 730?

18    THE DEFENDANT:  Yes, your Honor.

19    THE COURT:  That being the case, it is necessary for

20  you to explain to me in your own words what it is that you did

21  that violated the law before I can take your plea.

22    THE DEFENDANT:  On or about September 14, 2019, I

23  possessed child pornography on my computer, which I received

24  over the internet.  My computer was in my apartment in the

25  Bronx.  Between in or about 2012 and September 2019, I used the

M45QskoP

1  internet to persuade teenage boys under the age of 18 to send

2  me nude pictures of themselves, which pictures constitute child

3  pornography.  During some of that of period of time, I was

4  living in the Bronx and using my computer from my apartment in

5  the Bronx.

6           THE COURT:  Is there anything else that the government

7  believes I need to elicit from the defendant before I take his

8  plea?

9           MS. ESPINOSA:  No, your Honor.

10          THE COURT:  Mr. Moskowitz?

11          MR. MOSKOWITZ:  No, your Honor.

12          THE COURT:  Would you please stand, sir.

13          (Complies)

14          THE COURT:  Jonathan Skolnick, how do you plead to

15 Count Three charging you with possession of child pornography

16 in violation of 18 United States Code, Sections 2252A(a)(5)(B),

17 (b)(ii) and (2)?  Guilty or not guilty.

18          THE DEFENDANT:  Guilty.

19          THE COURT:  How do you plead to Count Four charging

20 you with coercion and enticement of minors to engage in illegal

21 sexual activity in violation of Title 18 United States Code

22 Sections 2422(b) and 2.  Guilty or not guilty.

23          THE DEFENDANT:  Guilty.

24          THE COURT:  On the above allocution, I find the

25 defendant competent and capable of entering an informed plea.

1   The plea is knowing and voluntary, and the defendant has

2   allocuted to all of the elements of the offense.  Accordingly,

3   the defendant is adjudged guilty of Count Three and Count Four

4   of indictment 19 CR 730.

5           You may be seated.

6           What are we going to do about a date for sentencing?

7           DEPUTY CLERK:  Three months.  Let's go into September.

8           MR. MOSKOWITZ:  September is fine.

9           DEPUTY CLERK:  September 22 at 2:00.

10          THE COURT:  Is that acceptable to the government?

11          MS. ESPINOSA:  Yes, your Honor.

12          THE COURT:  Hold on one second.

13          DEPUTY CLERK:  Are there holidays there?

14          MR. MOSKOWITZ:  I don't believe so.

15          THE COURT:  You're right, but I always check to make

16   sure, Mr. Moskowitz.

17          MR. MOSKOWITZ:  I try to keep it on my calendar.

18          THE COURT:  It's marked as a special day on my

19   calendar, but that's only because it turns out to be the autumn

20   equinox, but I know better than to set dates in September and

21   October without looking.

22          So, September 22 at 2:00 p.m. for sentencing.

23          Mr. O'Neil, we may need to make that later in the

24   afternoon.  Can we make that at 4:00 p.m?

25          MR. MOSKOWITZ:  That's fine with me, Judge.

M45QskoP

1    THE COURT:  I'm just thinking that I may very well be

2   on trial.  So September 22 at 4:00 p.m.

3    And, Mr. Skolnick, prior to that time, you will be

4   interviewed by an officer from the department of probation.  I

5   told you we have experts who help me with this, and one of

6   those officers will be interviewing you.  You have a right to

7   have counsel present with you at that interview.  I am

8   absolutely certain that Mr. Moskowitz will insist on being

9   present at that interview.  Remember that anything that you say

10   to the probation officer must be truthful, because if you lie

11   to a federal officer who is engaged in the performance of his

12   duties, that too is a crime for which you can be prosecuted,

13   and it is certainly something that I would take into account at

14   the time I sentenced you.  Do you understand that?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  Is there anything else that we need to do

17   today from the government?

18    MS. ESPINOSA:  No, your Honor.  Thank you.

19    MR. MOSKOWITZ:  No, your Honor.

20    THE COURT:  Okay.  Thank you very much, folks.

21    (Adjourned)

22

23

24

25